<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

REYNALDO BARRIOS RODRIGUEZ,   :

                                Civil Action No. 05-3820 (JAP)

          Petitioner,   :

          v.            :    **OPINION**

ALBERTO GONZALEZ, et al.,   :

          Respondents.   :

**APPEARANCES:**

Reynaldo Barrios Rodriguez
A 24438833
Middlesex County Adult Correction Center
MC 102909
P.O. Box 266
New Brunswick, NJ 08903

**PISANO**, District Judge

    Petitioner Raynaldo Barrios Rodriguez, an alien confined at Middlesex County Adult Correction Center while awaiting removal, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are Attorney General

---

[1] Section 2241 provides in relevant part:

  (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
  (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Alberto Gonzalez, Andrea J. Quarantillo, Commissioner

of the Immigration and Naturalization Service,[2] INS District

Director John P. Carbone, and Warden Edmond C. Cicchi.

## I.   BACKGROUND

According to the allegations of the Petition, Petitioner is

a citizen of Cuba, who came to the United States in May 1980 in

the "Mariel Boatlift."  Petitioner was taken into INS custody on

October 21, 2004.  Petitioner was ordered removed on March 7,

2005, and he has elected not to appeal the removal order.

Petitioner filed this Petition alleging that his indefinite

detention in lieu of removal violates his constitutional and

statutory rights.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the

---

[2]The Homeland Security Act of 2002, Pub. L. 107-296, 116
Stat. 2135, transferred the immigration enforcement functions of
the Commissioner of Immigration and Naturalization (or any
officer, employee, or component of the Immigration and
Naturalization Service ("INS")) to the Secretary of Homeland
Security.  As of March 1, 2003, the INS ceased to exist and its
functions were transferred to the Department of Homeland
Security.  The former INS's enforcement, detention, and removal
functions are within the responsibility of the Bureau of
Immigration and Customs Enforcement.  Pursuant to Fed.R.Civ.P.
25(d)(1), the successors to the federal officers named as
respondents in this action are automatically substituted as
parties to this action.

respondent to show cause why the writ should not be
granted, unless it appears from the application that
the applicant or person detained is not entitled
thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III.   ANALYSIS

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period."

The removal period begins on the latest of the
following:

(i) The date the order of removal becomes
administratively final.

3

(ii) If the removal order is judicially reviewed and if
a court orders a stay of the removal of the alien, the
date of the court's final order.
(iii) If the alien is detained or confined (except
under an immigration process), the date the alien is
released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section 1231(a)(6) permits continued detention if removal is
not effected within 90 days. However, the Supreme Court has held
that such post-removal-order detention is subject to a temporal
reasonableness standard. Specifically, once a presumptively-
reasonable six-month period of post-removal-order detention has
passed, a resident alien must be released if he can establish
that his removal is not reasonably foreseeable. See <u>Zadvydas v.
Davis</u>, 533 U.S. 678 (2001); <u>Clark v. Martinez</u>, 125 S.Ct. 716
(2005).

Here, Petitioner pleads that he was ordered removed on March
7, 2005 and that "the six-month presumptively reasonable removal
period for Petitioner ended [sic] on September 07, 2005."
(Petition, ¶ 20.) The Petition is dated July 29, 2005, and was
received by this Court on August 1, 2005.

Thus, it is apparent from the face of the Petition that the
six-month presumptively reasonable removal period has not yet
elapsed and Petitioner is not entitled to the relief requested.

IV. <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be
dismissed, without prejudice to Petitioner's bringing a new

4

Petition after the presumptively-reasonable period of detention has passed, should circumstances warrant.[3]   An appropriate order follows.

 

 

_____
Joel A. Pisano
United States District Judge

Dated:   8/9/05

---

[3] The Court notes that this Petition was not accompanied by the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a) or an application for leave to proceed _in_ _forma_ _pauperis_ as permitted by 28 U.S.C. § 1915.   Petitioner is advised that any future Petition should be accompanied by the required filing fee or application for leave to proceed _in_ _forma_ _pauperis_.